UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KELLY J. NEUMEISTER,

                Plaintiff,

v.                                                             CASE # 19-cv-00742

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PPLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | JUSTIN DAVIS JONES, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANNE M. ZEIGLER, ESQ.<br>FRANCIS D. TANKARD, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, defendant's motion is **DENIED,** the decision of the Commissioner is

**REVERSED**, and this matter is **REMANDED** for further administrative proceedings consistent with this order.

I.   **RELEVANT BACKGROUND**

   A.   **Factual Background**

Plaintiff was born on January 14, 1976 and has a high school education. (Tr. 47). Generally, plaintiff's alleged disability consists of heel spur with tendonitis, bipolar disorder, anxiety, pulmonary embolism, thyroid removal, arthritis in the lower back, insomnia, and edema in bilateral legs. (Tr. 188). Her alleged onset date of disability is July 6, 2015. (Tr. 160, 167). Her date last insured is September 30, 2019. (Tr. 182).

   B.   **Procedural History**

On August 3, 2015, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 160, 178). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On February 1, 2018, plaintiff appeared before the ALJ, John Loughlin. (Tr. 42). On May 23, 2018, ALJ Loughlin issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-26). On April 9, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.   **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019.

2. The claimant has not engaged in substantial gainful activity since July 6, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: lumbar spine degenerative disc disease; cervicalgia; migraines; left proximal humerus fracture; chondromalacia patellae bilateral knee; obesity; thyroid carcinoma III; pulmonary emboli; sleep apnea; acquired hypothyroidism; anxiety disorder; bipolar disorder; major depressive disorder; alcohol and substance abuse (20 CFR 44.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally push or pull and reach overhead with the left upper extremity. She can frequently kneel, couch, stoop, and crawl; can frequently climb stairs and ramps; can never climb ladders, ropes, and scaffolds; can never be exposed to unprotected heights; can have occasional exposure to dust, noxious odors and fumes, poorventilation, extreme cold, and wetness; can never be exposed to strobe lights, to flashing lights, or to bright lights, such as those found on a theatre stage; and requires a moderate noise work environment as defined in the DOT and SCO. She is able to understand and remember simple instructions, make simple work-related decisions, carry-out simple instructions, can occasionally deal with changes in a routine work setting, and can occasionally deal with supervisors, coworkers, and the public.

6. The claimant is capable of performing past relevant work as a small products assembler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 6, 2015 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 7-26).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to reconcile the vocational expert's (VE's) testimony with the Dictionary of Occupational Titles (DOT). Second, the ALJ made the mental portion of his RFC

3

without relying on any medical opinions. Third, the ALJ improperly rejected a treating physician opinion. (Dkt. No. 10 at 1 [Pl's Mem. Of Law]).

### B. Defendant's Arguments

In response, defendant makes two arguments. First, defendant argues substantial evidence supports the ALJ's RFC finding, including the medical opinion evidence and plaintiff's own statements. (Dkt. No 14 at 11[Def.'s Mem. of Law]). Second, substantial evidence supports the conclusion that plaintiff could perform her past relevant work at step four and other work at step five. (Dkt. No. 14 at 16).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues the ALJ erred by not reconciling a conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert's testimony. Specifically, plaintiff claims that a conflict exists because the hypothetical question to the VE included a limitation to occasional[1] overhead reaching with the left arm, but the jobs cited by the vocational expert require constant or frequent reaching as indicated by the DOT. (Dkt. No. 10 at 20-21). Defendant argues there is no conflict because the ALJ found plaintiff could perform her past relevant work as "she actually performed the job" based on plaintiff's own vocational descriptions that did not indicate more than occasional overhead reaching with her left arm. (Dkt. No. 14 at 17).

### A.  Past Relevant Work

The ALJ's RFC question to the VE included a restriction to only occasional overhead reaching with the left upper extremity. (Tr. 16, 66). The VE testified plaintiff could perform her past work as a small products assembler as she previously performed it and as it's described in the DOT. (Tr. 66-67). She claimed her testimony was consistent with the DOT, however, the DOT entry for Small Products Assembler II contains the phrase constant[2] reaching. (Assembler, Small Products II, DICOT 739.687-030 (G.P.O.), 1991 WL 680180). Social Security defines reaching as "extending the hands and arms in any direction." *Lockwood v. Comm'r of Soc. Sec. Admin.,* 914 F.3d 87, 91 (2d Cir. 2019)(quoting SSR 18-15). Reaching includes overhead reaching and should be clarified by the ALJ, even if only with one extremity. *See Lockwood*, 914 F.3d at 92.

---

[1] Occasional" means occurring from very little up to one-third of the time, or no more than about two hours of an eight-hour workday. *See* SSR 83-10.

[2] DOT defines constant as existing two third of the time or more and frequently as from one third to tow third of the time. See DICOT 739.687-030 (G.P.O.), 1991 WL 680180.

6

Social Security Ruling (SSR) 00-4p states an ALJ may rely on vocational expert testimony, but it generally should be consistent with the DOT. However, an ALJ "must be alert to the possibility of 'apparent unresolved conflicts' between the testimony and the Dictionary." *Lockwood*, 914 F.3d (quoting SSR 00-4p). The ALJ must "elicit a reasonable explanation" for a conflict between the DOT and a vocational expert's testimony before relying on the vocational expert's testimony. *See Stover v. Comm'r of Soc. Sec.*, No. 17-CV-1029-FPG, 2018 WL 5262463, at *3 (W.D.N.Y. Oct. 23, 2018) (quoting *Patti v. Colvin*, No. 13-CV-1123-JTC, 2015WL 114046, at *6 (W.D.N.Y. Jan. 8, 2015))("This Ruling places 'an affirmative duty on the ALJ to identify and resolve any conflict between the [VE]'s testimony and the DOT before relying on such testimony.'"). Thus, "failure to reconcile" vocational expert testimony with apparent conflicts cannot "represent substantial evidence". *Lockwood v. Comm'r of Soc. Sec.,* 914 F.3d 87 (2d Cir. 2019)

### 1. Past Relevant Work as Generally Performed

The ALJ explicitly states he found "the claimant could perform her past relevant work as a small products assembler, as generally and actually" performed. (Tr. 24). However, as stated above, there is clearly a conflict between the DOT's definition of constant reaching with the RFC of occasional overhead reaching. The ALJ does not address this conflict in his decision and defendant also does not address this part of the finding. The ALJ failed to resolve the apparent conflict in his decision by determining plaintiff could perform work as a small products assembler as that job is generally performed. However, at step four, there is a separate evaluation of the previous specific job and the job as it is generally performed. Therefore, there may be harmless error if the ALJ used record evidence to support his finding that plaintiff could perform her past relevant work as she actually performed it.

### 2. Past Relevant Work as Actually Performed

The VE testified that the plaintiff's testimony at the hearing indicated the position of small products assembler was performed at the sedentary level and not the DOT defined light exertional level. (Tr. 69). The plaintiff testified that she sat most of the day, did not have to lift or carry anything of significant weight, and the job did not involve stooping, crouching, crawling or kneeling. (Tr. 53-54). No testimony was offered or elicited about the ability to reach overhead. The ALJ did not discuss the testimony regarding how the past relevant work was actually performed. While defendant argues the testimony and work history report were sufficient for the ALJ to determine how the past relevant work was performed, none of that evidence was included in the decision. This court may not "create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005)); *see Thomas v. Colvin*, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018) ("*post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support her conclusions by reference to substantial evidence").

While a claimant is indeed the primary source for vocational documentation, an ALJ is required to "both identify evidence that supports his conclusions and build an accurate and logical bridge from that evidence to his conclusions." *Perry v. Berryhill*, 2019 WL 1092627, at *2 (4th Cir. Mar. 8, 2019) (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). The ALJ's step four finding "has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as

circumstances permit." SSR 82-62, 1982 WL 31386, at *3. *See Sims v. Comm'r of Soc. Sec.,* No. 17-CV-798-FPG, 2019 WL 421483, at *3 (W.D.N.Y. Feb. 4, 2019).

An ALJ's decision must contain specific findings of fact as to the physical and mental demands of the past relevant work when finding a claimant can perform her past relevant work. SSR 82-62, 1982 WL 31386, at *4. As discussed above, there was no testimony from the VE or plaintiff regarding reaching in her past relevant work. Absent any testimony to the contrary, the requirement of constant reaching, as identified in the DOT, would still apply to how the job was actually performed. Even if the ALJ had discussed the VE testimony more fully in his decision, the only difference identified by the VE between how the job was generally and actually performed was sedentary exertional level versus light, which does not apply to reaching requirements. The ALJ failed to satisfy his affirmative obligation to identify and resolve the apparent conflict between the DOT and the VE's testimony that plaintiff could perform her past relevant work as actually performed. Although an ALJ is not required to mention every piece of evidence, providing an 'accurate and logical bridge' required him to explain why evidence favorable to the plaintiff was rejected before concluding that she was able to return to her past relevant work as she actually performed it. *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The ALJ did not do that in this case and failed to follow the directives in SSR 00-4p as it pertains to step four and the finding plaintiff could perform past relevant work.

B. Other Work

The VE further testified plaintiff could perform other work as an electrode cleaner, marker, or linen grader. (Tr. 66-67). The ALJ relied on this testimony for the alternate step five finding. The DOT entries for Electrode Cleaner, Marker, and Linen Grader all indicate the requirement for frequent reaching. (Electrode Cleaner, DICOT 729.687-014 (G.P.O.), 1991 WL 679734; Marker,

9

DICOT 209.587-034 (G.P.O.), 1991 WL 671802; Linen Grader, DICOT 361.687-022 (G.P.O.), 1991 WL 672993). Although the DOT definitions do not indicate if the reaching required is overhead reaching or if bilateral extremities are required, the ALJ did not clarify the conflict. As previously discussed, Social Security defines reaching as "extending the hands and arms in *any* direction." *Lockwood*, 914 F.3d at 92 (quoting SSR 18-15)(emphasis added). Reaching still includes overhead reaching, and as such, the ALJ was still required to clarify this conflict. *See Lockwood*, 914 F.3d at 92. The matter of only one extremity being involved does not relieve the ALJ of this duty. *See Talyosef v. Berryhill*, No. 3:17-CV-01451 (KAD), 2019 WL 4017025, at *2 (D. Conn. Aug. 26, 2019) (remanding where ALJ did not resolve apparent conflict between DOT and VE testimony where RFC limited to "no overhead reaching with her right upper extremity" and DOT for jobs required "occasional overhead reaching"). The ALJ erred again relying on the VE's testimony that was inconsistent with the DOT and remand is appropriate for that error as well. *Robinson v. Berryhill*, No. 6:18-CV-06135-MAT, 2019 WL 416483, at *3 (W.D.N.Y. Feb. 2, 2019) (remanding where ALJ failed to reconcile DOT and VE testimony for frequent and constant reaching and relied on this at step five).

Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. See, e.g., Bell v. Colvin, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

Case 1:19-cv-00742-JGW   Document 17   Filed 06/22/20   Page 11 of 11

**ACCORDINGLY, it is**

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: June 19, 2020  
Rochester, New York

*J. Gregory Wehrman*  
HON. J. Gregory Wehrman  
United States Magistrate Judge